# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TEREZ L. COOK,**

    Petitioner,

  v.                                                           Case No. 13-CV-989

**WILLIAM POLLARD,**

    Respondent.

## ORDER

The petitioner, Terez L. Cook ("Cook"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) On February 13, 2014, Judge Gorence issued an order staying these proceedings while Cook exhausted his state court remedies for his claim of newly-discovered evidence. (Docket # 11.) Cook was instructed to notify the Court within sixty days after the conclusion of the final state court proceeding as to how he wished to proceed with his writ of habeas corpus. (*Id.* at 2.) The case was subsequently reassigned to this Court. (Docket # 18.)

Cook indicated that the Wisconsin Court of Appeals issued a decision on October 15, 2014 and that he would be filing a petition for review. (Docket # 14.) A review of the Wisconsin Supreme Court and Court of Appeals Access Database indicates that Cook filed a petition for review with the Wisconsin Supreme Court. Wisconsin Supreme Court and Court of Appeals Access Database, Appeal No. 2014AP424, at http://wscca.wicourts.gov (last visited December 29, 2014). Although Cook states that his petition for review was denied (Docket # 15 at 4), the database records indicate that no decision has yet been issued on his petition for review. The database shows the status for the petition for review as "received" and the "maintenance" of the case as "motion pending."

http://wscca.wicourts.gov (last visited December 29, 2014).

However, on December 2, 2014, Cook filed a "Motion to Show Cause and Prejudice for Unexhausted Habeas Claim" (Docket # 15) and on December 22, 2014, Cook filed a motion to appoint counsel (Docket # 19). Because the Wisconsin Supreme Court has yet to rule on Cook's petition for review, it appears Cook's motions are premature. Cook is again ordered to notify the Court within sixty days after the conclusion of the final state court proceeding as to how he wants to proceed with his writ of habeas corpus.

Should Cook wish to renew his motion to appoint counsel after the conclusion of his state court proceedings, it should be noted that his motion, as currently presented, is insufficient. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. The court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible" if counsel is asked to represent an indigent petitioner. 18 U.S.C. § 3006A(a)(2). "[D]ue process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir.2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

A threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Pruitt,* 503 F.3d. at 654–55. Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a

two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

Cook's motion does not show that he is financially eligible for the appointment of counsel, nor does it show that he made a reasonable attempt to obtain counsel on his own. Regarding his financial eligibility, Cook paid the $5 filing fee for this case and there is no other indication of his financial status. Thus, should Cook renew this motion at the conclusion of his state court proceedings, he must demonstrate his financial eligibility by submitting a six month trust fund account statement. Regarding the threshold burden of an attempt to obtain counsel, Cook must also show in a renewed motion the names and addresses of at least three attorneys to show that he made a reasonable attempt to obtain legal counsel. If Cook can make these two showings, the Court will then decide whether Cook is competent to litigate the case himself.

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to show cause (Docket # 15) and motion to appoint counsel (Docket # 19) are **DENIED** as prematurely filed. Cook may renew these motions upon the conclusion of his state court proceedings when the stay is lifted.

Dated at Milwaukee, Wisconsin this 29th day of December, 2014.

>BY THE COURT
>
>s/ *Nancy Joseph*
>NANCY JOSEPH
>United States Magistrate Judge