# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TEREZ L. COOK,**

    Petitioner,

  v.                                                      Case No. 13-CV-989

**BRIAN FOSTER,**

    Respondent.

## ORDER ON PETITIONER'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY

On January 29, 2020, the Seventh Circuit Court of Appeals reversed my decision and order denying Cook's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 89.) The Seventh Circuit ordered that Cook's petition for a writ of habeas corpus be granted, subject to the state's right to decide, within 120 days, whether to proceed with a new trial. (*Id.* at 23.) After receiving the mandate from the Seventh Circuit, an order and judgment consistent with the Seventh Circuit's decision was entered on February 20, 2020. (Docket # 90 and Docket # 91.)

Presently before me is Cook's motion for immediate release from custody. (Docket # 92.) Cook requests that he be placed on electronic monitoring at the home of his wife. He cites the length of time he has been in custody without incident, the fact he attained his GED and has worked a regular job, and the fact that he has no history of escape. (*Id.* at 2.) Cook further argues that due to the current Covid-19 pandemic, court appearances are postponed for at least eight weeks and thus his state court proceedings will be postponed. (*Id.* at 2.)

The respondent opposes Cook's motion, arguing that Cook is a danger to the community, his risk of flight is high, and that he is likely to be found guilty upon re-trial. (Docket # 93 at 2–4.) The respondent further argues that because of the Wisconsin Governor's "Safer at Home" order due to the current Covid-19 pandemic, no matter where Cook is released into the community he will need to stay put; thus, he might as well remain where he is until circumstances change. (*Id.* at 4–5.)

The initial question, however, is whether I have authority to decide Cook's bail motion. A district court has the inherent authority to grant release to a habeas petitioner while a petition is pending review. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). However, there is no petition pending review. Fed. R. App. P. 23(b) and (c) gives the district court authority to release the petitioner; however, both subsections apply only "[w]hile a decision . . . is under review." This includes while the decision is under review by either a court of appeals or the United States Supreme Court. *See Petition of Johnson*, 72 S. Ct. 1028, 1030 (1952); *Walberg v. Israel*, 776 F.2d 134 (7th Cir. 1985). The respondent contends that the State intends to retry Cook—it does not seek review of the Seventh Circuit's decision in the Supreme Court. (Docket # 93 at 2.) Thus, there is no decision under review by the federal courts. Rather, this case is back in the hands of the State of Wisconsin, who must release Cook if it does not commence proceedings to retry him within 120 days of the Seventh Circuit's order. *But see Woods v. Clusen*, 637 F. Supp. 1195 (E.D. Wis. 1986) (the district court entertained petitioner's bail motion despite no federal decision presently under review).

Even assuming, however, that I have the authority to entertain Cook's bail motion, I will deny the motion. Rule 23(c) creates a presumption that while a decision ordering the release of a prisoner is under review, the prisoner must be released on personal recognizance. However, the court has broad discretion in conditioning a judgment granting habeas relief and may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court. *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987). In this case, the State must commence its retrial proceedings by May 28, 2020. Cook may then request pretrial release from the State. (Docket # 93 at 5.) For these reasons, I will deny Cook's motion for immediate release from custody.

Nonetheless, Cook is correct that the current Covid-19 pandemic has caused much uncertainty, delays, and postponements in our courts. To ensure that Cook, whose conviction has been determined to be unconstitutional, is not left in State custody in pandemic limbo, the respondent shall file a report on the status of the State's efforts to retry Cook by no later than **May 1, 2020**.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Cook's Motion for Immediate Release from Custody (Docket # 92) is **DENIED WITHOUT PREJUDICE**.

**FURTHERMORE, IT IS ORDERED** that the respondent shall file a status report by **May 1, 2020**.

Dated at Milwaukee, Wisconsin this 8th day of April, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge